[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, whose maiden name was Mary Strom, and the defendant intermarried at Haddam, Connecticut on June 29, 1991.
The plaintiff has resided continuously in this State for at least 12 months next preceding the date of the filing of the Complaint.
There are only two children born to the plaintiff since the date of the marriage and they are Heather Harlow, born December 6, 1991 and Rachel Harlow, born August 22, 1993. None of the parties hereto or the children have been a recipients of State or public assistance.
The court has jurisdiction over the parties and the marriage and the matter was reached for trial on April 8, 1999, and evidence was taken over a period of two days. The court has considered the criteria as outlined in Sections 46b-81 and 82, and relying on the credible, admissible and relevant evidence and the reasonable inferences drawn therefrom the following constitute the findings of fact and conclusion of law and orders of the court in connection with this matter.
This marriage has broken down irretrievably. Commencing in sometime in 1992, the defendant husband began drinking to exceptional excess and this was on a daily basis. He drank gallons of alcohol and/or wine, mostly in the garage, and it affected his conduct with respect to his wife and his children. On at least two occasions he practiced acts of physical violence upon her and conducted himself inappropriately in the presence of the children including presenting himself to them at times inappropriately dressed or not dressed at all. CT Page 6229
Although sporadically the conduct of the plaintiff may have appeared faulty in the eyes of the defendant, the court finds the substantial cause of the breakdown of this marriage is the conduct of the defendant.
The defendant's problem drinking continued down to at least December of 1998. He claims to have stopped drinking and to be involved in a therapy program, but only time will tell as the evidence is not conclusively established yet as of the date of this hearing.
The plaintiff and the defendant have almost no ability to communicate with one another and although they have meagerly experimented with marriage counseling or therapy in the past, it has proved ineffectual and their only steady, open course of communication is through the paternal grandfather, who is and has been a most substantial, positive factor in the lives of their two children.
The mother very earnestly desires the grandfather's relationship to continue with the children and indeed he has been the conduit by which visitation with their father has been affected.
The mother has been a good mother to the children. Her capacities, somewhat limited, have been aided and abetted with the assistance of a parent aide and some assistance from therapy.
Because of the aforementioned almost total inability of the parents to communicate, the court declines to enter an order of Joint Custody and feels that at the present time it would be in the best interest of the children if the custody be vested in their mother with reasonable and liberal visitation as hereinafter spelled out minimally, with their father on the provision that he not consume alcohol during any such visitations and that he not have consumed alcohol that would in any way impair his ability to act as an appropriate custodian before his visitation with the children.
One of the reasons that the visitation with the father can be liberal is simply because the grandfather, who has a wonderful relationship with these children, has been available and hopefully will be available to act as not only a communications conduit between the mother and the father, but also as one who ferries the children back and forth. The court orders that during CT Page 6230 the school year in any four week period, the father shall have the children on three weekends from 4:00 p. m. on Friday to 5:00 p. m. on Sunday, and during the fourth week he shall go out to have dinner with the children on Wednesday evening. During the summer months when the children are not in school, the father shall have the children every other weekend from Thursday at 4:00 p. m. to Sunday at 5:00 p. m., and every other weekend Wednesdays overnight. Each of the parties shall have two weeks vacation during the summer months with the children, and shall give the other thirty days notice of such two week period. They shall alternate Holidays.
The defendant is ordered to pay to the plaintiff the sum of $131.00 per week as child support payable by immediate wage withholding. In addition, he shall pay to her the sum of $20.00 per week as alimony for a period often years, when the elder child will have reached the age of majority and the younger child close thereto. The court concludes that the mother is going to require supplemental assistance in order for her to attempt to maintain a reasonable lifestyle for herself and the children. Set order shall be modifiable and shall terminate at the remarriage or death of the mother should that occur prior to the termination of said ten year period.
All of the right, title and interest in the property of the defendant in the Colchester property at 94 Hammond Road is ordered transferred to the plaintiff, and all of the interest of the plaintiff in and to the Bokum Road in Old Saybrook is ordered transferred to the defendant. The plaintiff shall be responsible for all the costs of maintenance and ownership of the Colchester property including the payment of the mortgage and shall hold the defendant harmless in connection therewith. The defendant is ordered to hold the plaintiff harmless in connection with any obligation owed to his father, Charles Harlow. The defendant shall pay and hold the plaintiff harmless in connection with the Middlesex Hospital bill.
The plaintiff shall be responsible for the payment of the VISA and IRS bills and the parties shall be jointly responsible for the bill of approximately $1,000.00 to the Wildwood Pediatrics. Each shall retain any personal property as reflected in their possession in their financial affidavits. The defendant shall maintain life insurance as available through his employment and at least the amount of $40,000.00 until the youngest of the children attains the age of majority and the children shall be CT Page 6231 irrevocable beneficiaries thereof. The automobiles are set over to the parties as follows:
The 1986 Pontiac and the Jeep to the plaintiff, and the defendant receives the 1979 Jeep reflected on his financial affidavit. Each shall execute any documents necessary in order to convey title to those vehicles. Medical insurance shall be provided by the parties as available through their respective employers for the benefit of the minor children and they shall remain equally liable for all unreimbursed reasonable health expenses incurred on behalf of the minor children.
The defendant shall pay the reasonable remaining expenses of the child's attorney, George Law, Esq.
Each party shall satisfy their respective obligations with their own attorney's fees.
A decree is entered dissolving this marriage.
It is so ordered.
HIGGINS, J.